IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jeryme Morgan, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case no. 21-cv-1767 |
| | ) |
| v. | ) |
| | ) Honorable Matthew F. Kennelly |
| Randy Pfister, *et al*., | ) |
| | ) |
| Defendants. | ) |

**ANSWER TO SECOND AMENDED COMPLAINT**

NOW COMES Defendants, Randy Pfister, Lt. Chronister, and C/o Jaurez by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois and for his answer to Plaintiff's Second Amended Complaint at Law [ECF No. 97], States as follows:

**THE PARTIES**

1. Plaintiff JERYME MORGAN is a resident of the State of Illinois.

**ANSWER:** **Admit.**

2. Defendant ILLINOIS DEPARTMENT OF CORRECTIONS is a Municipal Agency of the State of Illinois and is situated in the State of Illinois.

**ANSWER:** **Deny.**

3. Defendant WEXFORD HEALTH SERVICES, INC. is a corporation registered to do business in the State of Illinois which provides healthcare services to inmates housed in Illinois Department of Corrections facilities.

**ANSWER: Admit.**

4. Upon information and belief, Defendants PFISTER, JUAREZ AND CHRONISTER are agents of the State of Illinois Corrections charged with providing

medical services to inmates and nurses WENDY, ANELINE, AND LORI and/or nurses charged with providing medical services to inmates.

**ANSWER: Defendants Admit that Defendants Pfister, Juarez, and Chronister are agents of the State of Illinois Department of Corrections. Defendants deny that Pfister, Juarez, and Chronister are charged with providing medical services to inmates. Defendants lack sufficient information and knowledge from which to base a belief as to the truth of the remaining allegations set forth in this paragraph.**

5. Defendants are sued individually and in their official capacities. Relief is sought against each and all Defendants as well as their agents, assistants, successor, employees, and persons acting in concert or cooperation with them or at their direction or under their supervision.

**ANSWER: Defendants admit that they are sued in their individual and their official capacity. Defendants admit that plaintiff seeks relief against each and all Defendants as well as their agents, assistants, successor, employees, and persons acting in concert or cooperation with them or at their direction or under their supervision.**

6. At all times relevant herein, the individual and corporate Defendants named above acted pursuant to the policies, regulations or decisions officially adopted or promulgated by those in the ILLINOIS DEPARTMENT OF CORRECTIONS and WEXFORD HEALTH SERVICES, INC. whose acts may fairly be said to represent official policy or were pursuant to governmental custom of the State of Illinois.

**ANSWER: Deny.**

## JURISDICTION & VENUE

7. Plaintiff institutes these proceedings and invokes the jurisdiction of this Court under and by virtue of 28 USC § 1343 to obtain costs of suit, attorney's fees and damages suffered and

caused by Defendant; violation of his rights as guaranteed in the Eighth Amendment and the Fourteenth Amendment to the Constitution of the United States and by Federal Law, particularly 42 USC S1983.

**ANSWER: Defendants admit Plaintiff proceeds under 42 USC § 1983. Defendants deny all remaining allegations.**

8. The Court also has jurisdiction of this action under 27 USC S1331 in that the matter in controversy arises under the Eighth Amendment of the constitution of the United States.

**ANSWER: Plaintiff's foregoing paragraph calls for a legal conclusion to which no response is required. To the extent that a legal response is required, Defendants admit this Court has subject matter jurisdiction over Plaintiff's claim. Defendants deny all remaining allegations.**

9. The unlawful Deprivation of Plaintiffs rights and all other violations alleged herein were committed within the State of Illinois and this Court also has jurisdiction of this action 28 USC 51367(a) for Defendants negligence and violations of Illinois State Law.

**ANSWER: Plaintiff's foregoing paragraph calls for a legal conclusion to which no response is required. To the extent that a legal response is required, Defendants admit this Court has subject matter jurisdiction over Plaintiff's claim. Defendants deny all remaining allegations.**

## COUNT I

10. That at all times Plaintiff was an inmate housed at various units of the ILLINOIS DEPARTMENT OF CORRECTIONS.

**ANSWER: Admit.**

11. Plaintiff informed Defendants of cell cleanliness issues and complaints in 2019.

**ANSWER: Defendants lack sufficient knowledge and information to admit or deny the allegations.**

12. Plaintiff informed Defendants that cockroaches had inundated his cell and that several cockroaches had actually crawled into his ear.

**ANSWER: Defendants lack sufficient knowledge and information to admit or deny the allegations.**

13. That notwithstanding his continued and constant complaints about the cleanliness of his cell, the Defendant ILLINOIS DEPARTMENT OF CORRECTIONS, through its agents, carelessly and negligently and with deliberate indifference:

    a) Failed to fumigate and decontaminate his cell at proper intervals so as to rid the cell of cockroach infestation;

    b) Failed to change his mattress, bedding, etc. when it was apparent they too were infested along with the cell;

    c) Failed to wash down MORGAN'S cell floors as an additional vehicle to decontaminate the cell;

    d) Failed to spray regularly to kill cockroaches.

**ANSWER: This allegation is not directed at these Defendants and thus no answer is required. To the extent an answer is required these Defendants deny owing a legal duty to Plaintiff and thus further deny that they "failed" to do any of the above.**

14. As a direct and proximate result of one or more of the forgoing wrongful acts and omissions of the Defendant ILLINOIS DEPARTMENT OF CORRECTIONS, Plaintiff MORGAN suffered cockroach infestation of his cell as well as one or more cockroaches who lodged in his ear, with subsequent hearing loss.

**ANSWER: This allegation is not directed at these Defendants and thus no answer is required. Defendants deny that they were the proximate cause of any harm to Plaintiff.**

## COUNT II

15. At all times relevant hereto, Plaintiff MORGAN was an inmate housed at various ILLINOIS DEPARTMENT OF CORRECTIONS.

**ANSWER: Admit.**

16. As such, WEXFORD nurses and particularly Defendants Wendy, Angelina and Lori, were charged with the duty of giving prompt and efficient medical care to all inmates, including Plaintiff Morgan.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation.**

17. That since 2019, Plaintiff had complained to WEXFORD nurses and each of them Defendants Wendy, Angelina, and Lori about cockroaches in his ear interfering with his hearing, sleeping, equilibrium and daily activities.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation.**

18. That notwithstanding his continued and constant complaints, Defendants Wendy, Angelina, and Lori were guilty of the following acts and omissions:

    a) Deliberately ignored the seriousness of MORGAN'S ear complaints;

    b) Deliberately ignored MORGAN'S medical diagnosis;

    c) Failed to prescribe treatment;

    d) Failed to provide competent and professional treatment with an ear doctor;

    e) Failed to provide proper medication;

    f) Failed to provide proper testing to MORGAN'S ear;

    g) Failed to wash the cockroaches out of his ear.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation..**

19. As a direct and proximate result of one or more of the forgoing acts and omissions of Defendant nurses Angelina, Wendy and Lori, MORGAN'S constitutional right to proper medical treatment was violated, causing loss of hearing and substandard hearing in his ear.

**ANSWER:Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation..**

## GENERAL DENIAL

Defendants expressly deny any allegation not specifically admitted.

## AFFIRMATIVE DEFENSES

WHEREFORE Defendants, Randy Pfister, Lt. Chronister, and Jaurez, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois and for its Affirmative Defenses to Plaintiff's Second Amended Complaint hereby state as follows:

## FIRST AFFIRMATIVE DEFENSE
## QUALIFIED IMMUNITY

1. At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known Defendants are therefore protected from suit by the doctrine of qualified immunity.

## SECOND AFFIRMATIVE DEFENSE
## SOVEREIGN IMMUNITY

1. Under the Eleventh Amendment, Plaintiff's complaint for monetary damages against the Defendants in their official capacity is barred by sovereign immunity.

## THIRD AFFIRMATIVE DEFENSE
## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

1. Federal law mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *Pavey v. Conley*, 544 F.3d 739,740 (7th Cir. 2008).

2. The administrative remedies applicable to the Plaintiff in the instant action can be found at 20 Ill. Admin. Rule § 504.800 - 870. Effectively, this Plaintiff was required to complete three administrative steps in order to exhaust his remedies:

(1) attempt to resolve his complaint informally through his/her Counselor;

(2) file a written grievance to the Grievance Officer within 60 days of discovery of his complaint; and

(3) file an appeal to the Director within 30 days after the date of the decision with respect to his written grievance.

*See* 20 Ill. Admin. Rule § 504.810, § 504.850.

3. To the extent Plaintiff has failed to exhaust his administrative remedies prior to the filing of this suit, his claims are barred by 42 U.S.C. § 1997(e)(a) and 20 Ill. Admin. Rule § 504.800 – 870.

WHEREFORE, Defendants pray that this Honorable Court grant judgment in its favor and against the Plaintiff, Jeryme Morgan, and for costs and deny the Plaintiff any requested relief, whatsoever.

7

IDOC Defendants demands a trial by jury on all issues so triable.

Dated: July 17, 2024                      Respectfully submitted,

KWAME RAOUL                         */s/ Manasseh A. Konadu*
Attorney General of Illinois             Manasseh A. Konadu
                                                 Assistant Attorney General
                                                 Government Representation Division
                                                 Office of the Illinois Attorney General
                                                 115 South LaSalle Street,
                                                 Chicago, Illinois 60603
                                                 (312) 405-9428
                                                 Manasseh.konadu@ilag.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on July 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to all attorneys of record in this case.

                                                 */s/ Manasseh A. Konadu*